UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
|    Plaintiff,    ) | |
| ) | No. 6:08-CR-01-GFVT |
| v.    ) | |
| ) | RECOMMENDED DISPOSITION |
| JOSHUA SHANE RICKELS,    ) | |
| a/k/a Joshua Rickles    ) | |
| ) | |
|    Defendant.    ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, D.E. 30, the Court considers reported violations of supervised release conditions by Defendant Joshua Shane Rickels.  The District Judge entered a judgment against Defendant in April 2008 for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  D.E. 24.  Defendant received a sentence of fifty-seven (57) months of imprisonment followed by five (5) years of supervised release.  *Id.* at 2-3.  Defendant began his supervised release term on January 20, 2012.

On March 14, 2013, the United States Probation Office (USPO) submitted a Request for Modifiying the Condition or Term of Supervision with Consent of the Offender to inform Judge Van Tatenhove that Defendant tested positive on January 28, 2013, and February 14, 2013, for oxycodone use.  In lieu of formal revocation, Defendant was placed on a four-month term of home detention with electronic monitoring on May 20, 2013.

On April 26, 2013, the USPO issued a Supervised Release Violation Report, and secured an arrest warrant from the District Judge.  The Report charges Defendant with three separate violations.  First, the Report states that Defendant violated his home detention/electronic

monitoring condition by making an unauthorized visit to the home of a friend's mother. Additionally, the Report charges that Defendant violated Standard Condition #7, which provides, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances except as prescribed by a physician." To wit, Defendant admitted to use of oxycodone without a prescription on April 19, 2013. Finally, in relation to the admitted use of oxycodone, the Report charges Defendant with violating the condition that Defendant not commit another federal, state, or local crime. The first two violations are Grade C violations, and the third is a Grade B violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on May 3, 2013, and set a final hearing before the undersigned following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 33. At the initial appearance, the United States moved for interim detention, Defendant did not object, and the undersigned remanded Defendant to the custody of the United States Marshal Service. *Id.*

At the final hearing on May 7, 2013, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 34. Defendant waived a formal hearing and competently entered a knowing, voluntary, and intelligent stipulation to the three charged violations. *Id.* Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violation 3 under the standard of § 3583(e).

Both parties indicated that Defendant would stipulate all charged violations, but the parties did not have an agreement on the recommended sentence. The United States argued for a four-month term of incarceration to be followed by a re-imposed term of supervised release, with some follow-up drug counseling. To support its recommendation, the United States noted that the USPO and the District Judge gave Defendant a chance by not revoking his supervision following two positive drug tests and that Defendant's prior drug use led to the commission of the underlying armed robbery conviction. Although seeking incarceration based on the factors, the United States also commended Defendant's work history and his veteran status, and characterized Defendant as a great candidate for continued supervised release.

Defense counsel asked the Court to direct Defendant to receive in-patient drug treatment rather than impose a term of incarceration. Defense counsel noted that Defendant made great strides in setting up a support network but slipped up when he began working two jobs, which led to an erratic schedule and loss of his necessary routine. The defense contends that Defendant suffers from an adjustment disorder concerning such stresses. Defense counsel also noted that Defendant was paying child support and arrearage amounts and has a genuine desire to be a better person. When personally addressing the Court, Defendant admitted to a having a drug problem, but stated that despite completion of a program while incarcerated, prison time did not cure his problem. He requested a sentence of time served and restrictive home detention while awaiting for placement at an in-patient drug treatment program at the Veterans Affairs hospital in Lexington, Kentucky.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors

3

imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to manufacturing counterfeit obligations and thus was convicted of a Class B felony. *See* 18 U.S.C. § 471; 18 U.S.C. § 3559. For a Class B felony, the maximum revocation sentence provided under § 3583 is three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade B violation. Given Defendant's Criminal History Category of I (the category at the time of the conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 4-10 months.

At the outset, the Court notes that Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable

treatment option, or Defendant's record of involvement in treatment, warranted relief.  *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)").  Such exception does not apply in this case because the March 2013 modification resulting in home detention to address drug use and allow for continued outpatient counseling was not sufficiently effective to avoid further drug use.  Additionally, Defendant indicated he successfully completed the RDAP program while in custody, which affords intensive treatment, yet he continued drug abuse thereafter.

To determine an appropriate revocation term of imprisonment, the Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics.  As noted by the United States and Defense counsel, Defendant is a veteran, works two jobs, has been making child support and arrearage payments, and has made a concerted effort to build a safety net of people to aid in his reintegration into society and in his struggles with drug addiction.  The Court also notes that Defendant completed a drug program while incarcerated and was on release for over a year without violating his conditions; thus, Defendant does show an ability to fight his addiction when he has sufficient focus and support.

Turning to the nature and circumstances of the underlying offense, the Court is troubled by the link between Defendant's drug use and commission of armed robbery.  Defendant had a limited criminal history, and yet drug use and addiction led him to commit this very serious crime of violence.  As a related matter, the Court also finds a need for deterrence and to protect the public in this case.  For Defendant, drug use generated dangerous conduct, and the "mismatch" between Defendant's fairly limited criminal history and the seriousness of armed

robbery drastically increases the Court's concern over the potential dangerousness and unpredictability of Defendant's conduct when he is under the influence of controlled substances. Finally, the Court notes that Defendant's upper-Guidelines sentence and earlier breaks on supervised release have failed to adjust Defendant's poor decisions regarding drug use. In sum, a term of incarceration is required in this case.

Ultimately, the Court finds that imprisonment is warranted, and imprisonment near the low end of the range described by the applicable Guidelines and Policy Statements adequately reflects the seriousness of the violation and the gravity of the breach of the Court's trust. *See* 18 U.S.C. § 3553(c)(1). The United States' recommendation of four months of incarceration is sufficient, but not greater than necessary, to comply with § 3553. Therefore, the Court **RECOMMENDS** that the District Judge revoke Defendant's term of supervised release with imprisonment for four months, with Defendant to serve that term, if possible, in a facility close to his family.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). To reiterate, the Court is troubled by Defendant's continued drug use, multiple violations of supervised release violations, and the lies told to the USPO regarding Defendant's whereabouts on April 24, 2013. Defendant is a smart man and a hard worker, but his drug use leads him to make careless and, as the underlying conduct indicates, dangerous decisions. The Court also reminds Defendant of the importance of being honest with the USPO and of taking advantage of

6

the opportunities provided under supervision to address the addiction that is currently crippling his life. The Court is recommending a sentence at the low end of the Guidelines range and will look unfavorably on any further violations.

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Pursuant to § 3583(b)(2) and (h), a five-year maximum term of supervised release, minus time served during the recommended four months of incarceration, may be re-imposed.

The Court **RECOMMENDS** that the District Judge re-impose a period of supervised release. The record shows that Defendant, aside from conduct leading to the instant charged violations, genuinely wants to comply and will benefit from continued supervision, to include successful completion of an in-patient drug treatment program offered by the VA in Lexington, Kentucky. Therefore, the District Judge should re-impose a fifty-six month term of supervised release.

The Court **RECOMMENDS**, based on the violations found:

1. Revocation with a four-month term of incarceration in a facility near Defendant's family; and

2. Re-imposition of supervised release for a term of fifty-six months. As an additional term of supervision, the District Judge should require Defendant to successfully complete the in-patient drug treatment program offered by the VA in

Lexington, Kentucky. Additionally, if deemed appropriate by the USPO to address his self-described adjustment disorder, Defendant shall participate in mental health counseling following completion of the VA drug program.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 21st day of May, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge